## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:16-CV-01348** |
| | : | |
| **vs.** | : | |
| | : | |
| **WARDEN DAVID EBBERT,** | : | **(Judge Rambo)** |
| | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

## <u>Background</u>

On July 1, 2016, Kareem Hassan Milhouse, a prisoner confined at the United States Penitentiary, Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Along with the petition Milhouse filed a motion for leave to proceed <u>in forma pauperis</u>. (Doc. 2.)

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable

to § 2241 cases by Rule 1 thereof.[1]  For the reasons set forth below Milhouse's petition will be dismissed.

## Discussion

Milhouse's petition is scant in detail. (Doc. 1.)  The court can discern, however, from the petition and attachments thereto that he is challenging the outcome of seven prison disciplinary proceedings where he was found guilty of engaging in lewd and disruptive behavior by a Discipline Hearing Officer ("DHO") and received sanctions, including the loss of good conduct time.  The seven disciplinary proceedings involve Incident Reports 1673325, 1888117, 1895488 (appeal case number 565287),[2] 2378357 (appeal case number 721179),[3]

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

2. Milhouse in the petition refers to the appeal case number. (Doc. 1, at 3, 8, 11, 12, 13, 15.)

3. Id.

2546675 (appeal case number 789406),[4] 2542559 (appeal case number 789407)[5] and 2557240 (appeal case number 775739).[5] Milhouse claims he was denied due process during the proceedings.[6] Milhouse did not attach copies of the incident reports or the decisions of the DHO to his § 2241 petition. However, he attached a portion of his prison disciplinary record (Inmate Discipline Data Chronological Disciplinary Record). (Id. at 11-16.)

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir.2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v.

---

4. Id.

5. Id.

5. Id.

6. The petition reveals that Milhouse is serving sentences imposed on December 3, 2007, and February 15, 2008, by the United States District Court for the Eastern District of Pennsylvania. Milhouse does not specify the offenses of which he was found guilty or the sentences he received.

McDonnell, 418 U.S. 539, 556 (1974).  Nevertheless, the
Supreme Court found that there can be a liberty interest
at stake in disciplinary proceedings in which an inmate
loses good conduct time.  Id.  Since Milhouse's
sanctions did include the loss of good conduct time,
Milhouse has identified a liberty interest in this
matter.

In Wolff, the Supreme Court set forth the
following minimum procedural due process rights to be
afforded to a prisoner accused of misconduct in prison
which may result in the loss of good time credit: (1)
the right to appear before an impartial decision-making
body; (2) twenty-four hour advance written notice of the
disciplinary charges; (3) an opportunity to call
witnesses and present documentary evidence in his
defense when it is consistent with institutional safety
and correctional goals; (4) assistance from an inmate
representative if the charged inmate is illiterate or
complex issues are involved; and (5) a written decision
by the fact finder of the evidence relied upon and the
rationale behind the disciplinary action.  Wolff, 418

U.S. at 563-67.  The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Superintendent v. Hill</u>, 472 U.S. 445-46 (1985); <u>see also</u> <u>Griffin v. Spratt</u>, 969 F.2d 16, 19 (3d Cir.1992).  If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the petitioner.  <u>Hill</u>, 472 U.S. at 457. The <u>Hill</u> standard is minimal and does not require examination of the entire record, an independent analysis of the credibility of the witnesses, or even a weighing of the evidence. <u>See</u> <u>Thompson v. Owens</u>, 899 F.2d 500, 501-502 (3d Cir. 1989).

The inmate disciplinary procedures of the Federal Bureau of Prisons ("BOP") are codified at 28 C.F.R. § 541, <u>et seq</u>., and entitled, <u>Inmate Discipline and Special Housing Units</u>.  These procedures are intended to meet or exceed the due process requirements prescribed by the Supreme Court.  <u>See</u> <u>Von Kahl v. Brennan</u>, 855 F.Supp. 1413, 1418 (M.D.Pa.1994).  Pursuant

to these regulations, staff shall prepare an incident report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful.  28 C.F.R. § 541.5.  The incident is then referred to the Unit Discipline Committee ("UDC") for an initial review pursuant to § 541.7.

The UDC review/hearing is "ordinarily [held] within five work days after [the incident report] is issued" and does not include the initial day staff learns of the incident, weekends or holidays.  Id.  If the UDC finds that a prisoner has committed a prohibited act, it may impose any of the available sanctions set forth in 28 C.F.R. § 541.3 (Tables 1 and 2) except loss of good conduct time, disciplinary segregation, or monetary fine. Id.  If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a DHO for a hearing. Id.

A DHO "will only conduct a hearing on the incident report if referred by the UDC." 28 C.F.R. § 541.8. An inmate will receive written notice of the charges 24 hours before the DHO hearing unless the inmate waives the notice requirement in which case the DHO can conduct the hearing sooner. Id. The inmate is permitted to have a staff representative at the hearing and entitled to make a statement and present documentary evidence. Id. After the hearing the DHO will either (1) find the inmate committed the prohibited act or similar one described in the incident report; (2) find the inmate did not commit the prohibited act charged; or (3) refer the incident report back for further investigation, review and disposition. Id. If an inmate is found to have committed a prohibited act, the DHO can impose any of the available sanctions listed in Table 1 and 2[7] of § 541.3. Id. Finally, the written report or decision of the DHO will contain the following: (1) whether the inmate was advised of his or her rights during the proceedings; (2) the evidence relied on by the DHO; (3)

_____

7. Table 2 set forth sanctions for repeated prohibited acts within the same severity level.

the DHO's finding of guilt or innocence; (4) the
sanctions imposed; and (5) the reasons for the sanctions
imposed. Id.

The BOP has established an administrative remedy
procedure, which is set forth at 28 C.F.R. § 542.10 et
seq., whereby a federal prisoner may seek formal review
of any aspect of his imprisonment.  Inmates must first
informally present their complaints to staff, and staff
shall attempt to informally resolve any issue before an
inmate files a request for administrative relief. 28
C.F.R. § 542.13(a). If unsuccessful at informal
resolution, the inmate may raise his complaint with the
warden of the institution where he is confined. Id. at §
542.14(a). If dissatisfied with the response, the inmate
may then appeal an adverse decision to the Regional
Office and then to the Central Office of the BOP. Id. at
§§ 542.15(a). However, the first two steps, informal
resolution and appeal to the Warden, do not apply to
appeals from decisions of a DHO. 28 C.F.R. §
542.14(d)(2). The inmate is to appeal directly to the
Regional Office within twenty (20) days of the decision

of the DHO.  Id.  No administrative remedy appeal is
considered to have been fully and finally exhausted
until it has been denied by the BOP's Central Office.
Id.  Furthermore, the fact that the Regional Office
fails to respond to an appeal does not relieve an inmate
of his responsibility to proceed to the final step,
i.e., submitting an appeal to the Central Office of the
BOP because an appeal to the Regional Office is deemed
responded to and denied "[i]f the inmate does not
receive a response within [30 calendar days of
submission of the appeal]."  28 C.F.R. § 542.18.  Under
those circumstances "the inmate may consider the absence
of a response to be a denial at that level."  Id.
Likewise, a failure of the Central Office to act within
40 calendar days is considered a denial. Id.  However,
the Central Office as stated above may extend for a
period of 20 days the time for it to decide the appeal
and so notify the inmate. Id.

    The court will now review the Incident Reports
in chronological order.  The first proceeding Milhouse
challenges involves Incident Report 1673325 where he was
charged on November 30, 2007, with Prohibited Act 205,

9

Engaging in Sexual Acts. (Doc. 1, at 2-3, 16.)   A
hearing before a DHO was held on December 12, 2007, and
the DHO found Milhouse guilty of the prohibited act and
imposed sanctions, including the loss of 27 days of good
conduct time. (Id.) The document attached to the
petition by Milhouse reveals that he was charged with
masturbating in front of a psychologist and that he
refused to attend the disciplinary hearing. (Id. at 16.)
With respect to this disciplinary hearing Milhouse in
the section of the petition entitled "Grounds for Your
Challenge in this Petition" claims that his due process
rights were violated when he was not given an
opportunity to attend the hearing or present documentary
evidence. (Id. at 7-9.)   Milhouse alleges that he
appealed the decision of the DHO to the Northeast
Regional Office of the BOP on an unspecified date and
that the Regional Office did not respond. Id.  He then
contends he appealed to the Central Office which also
did not respond. Id.  The administrative proceedings
with respect to Incident Report 1673325 were concluded
more than 8 years ago. Consequently, Milhouse's present
§ 2241 petition as it relates to Incident Report 1673325

will be dismissed because he failed to (1) allege that he filed his appeal to the Regional Office or the Central Office within the time mandated by 28 C.F.R. §§ 542.14 and 542.18 and (2) file the present petition within 1-year of the date that his administrative remedies would have been exhausted if in fact he pursued those remedies in accordance with the regulations.

The applicability of the 1-year statute of limitations to the present § 2241 federal habeas petition cannot be questioned.  Rule 1(b) of the Rules Governing Section 2254 Cases In the United States District Courts provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) which states that the Rules apply to § 2254 state habeas cases. Rule 3(c) goes on to provide that the time for filing a petition is governed by 28 U.S.C. §2244(d) which sets a 1-year limitation period. Applying Rule 3(c) to the present habeas petition based on the authority of Rule 1(b), if Milhouse had pursued his administrative remedies, the 1-

year period would have commenced no latter than December
31, 2008, over 7 ½ years ago, and his present petition
as it relates to Incident Report 1673325 is untimely
filed. See Shelby v. Barlett, 391 F.3d 1061, 1066 (9th
Cir. 2004)(state parole board's denial of an inmate's
administrative appeal was the "factual predicate" of the
inmate's claim that triggered the commencement of the
limitations period); Wilson v. Wrigley, No. 1:07-CV-
00142-LJO-DLB-HC, 2007 WL 2900216, at *1-2 & n.1
(E.D.Cal. Oct. 4, 2007)(O'Neill, J.)(adopting in part
report of Magistrate Judge)("Petitioner contends that
Rule 4 of the Rules Governing Section 2254 Cases may not
be applied to the instant Section 2241 petition.
Petitioner is mistaken. The Rules Governing Section 2254
Cases may be applied to petitions for writ of habeas
corpus other than those brought under § 2254 at the
Court's discretion."); Wilson v. Wrigley, No. 1:07-CV-
00142-LJO-DLB-HC, 2007 WL 1378024, at *2 (E.D. Cal. May
10, 2007)(Beck, Mag.J.)(applying the 1-year statute of
limitations to a § 2241 habeas petition filed by a

12

federal inmate challenging a decision of a DHO).
Furthermore, as stated earlier the fact that the
Regional or Central Office does not respond is not an
excuse for failing to pursue an action in the district
court because the appeal to the Regional Office or
Central Office is deemed responded to and denied if the
inmate does not receive a response within the time set
forth in the regulations.

      With respect to Incident Report 1888117,
Milhouse was charged on July 2, 2009, with Prohibited
Act 205, Engaging in Sexual Acts. (Id. at 15.) A hearing
was held before a DHO on July 7, 2009. (Id.) At the
hearing Milhouse denied the charge and stated that the
charge was fabricated. (Id.) The DHO found Milhouse
guilty and imposed sanctions, including the loss of 27
days of good conduct time. (Id. at 16.) In the present
petition, Milhouse claims that he was denied due process
because he did not have 24-hours advance notice of the
charge and that the charge was vague. (Id. at 9.)
Milhouse further claims that he appealed the decision of

the DHO to both the Northeast Regional Office and the Central Office but neither of those offices responded to his appeals.  The administrative proceedings with respect to Incident Report 1888117 were concluded more than 6 years ago. Consequently, Milhouse's present § 2241 petition as it relates to Incident Report 1888117 will be dismissed because he failed to (1) allege that he filed his appeal to the Regional Office or the Central Office within the time mandated by 28 C.F.R. §§ 542.14 and 542.18 and (2) file the present petition within 1-year of the date that his administrative remedies would have been exhausted if in fact he pursued those remedies in accordance with the regulations.

The third Incident Report, number 1895488 (appeal case number 565287), was filed on July 21, 2009, and charged Milhouse with Engaging in Sexual Acts. (Id. at 15.)  A hearing was held before a DHO on August 11, 2009, at which time Milhouse admitted that he was guilty and the DHO based on that admission found him guilty and imposed sanctions, including the loss of 41 days of good

14

conduct time. (Id.)  Milhouse claims that his due
process rights were violated because he did not have 24-
hours notice of the charge and the charge was vague.
(Id. at 8.)  Milhouse does not state that he appealed to
the Regional Office but contends that he appealed to the
Central Office without specifying the date and that the
Central Office did not respond.(Id.) The administrative
proceedings with respect to Incident Report 1895488
(appeal case number 565287) were concluded at least 5
years ago. Consequently, Milhouse's present § 2241
petition as it relates to Incident Report 1895488
(appeal case number 565287), will be dismissed because
he failed to (1) allege that he filed an appeal to the
Regional Office or the Central Office within the time
mandated by 28 C.F.R. §§ 542.14 and 542.18 and (2) file
the present petition within 1-year of the date that his
administrative remedies would have been exhausted if in
fact he pursued those remedies in accordance with the
regulations.

The fourth Incident Report, number 2378357
(appeal case number 721179), was filed on November 23,
2012, and charged Milhouse with Prohibited Act 299,
Conduct which disrupts or interferes with the security
or orderly running of the institution or the
Bureau of Prisons. (Id. at 13.) The document attached to
the petition by Milhouse reveals that he was "observed
at pill line w[ith] [his] hands down his pants moving
them." (Id.)  A hearing was held before a DHO on
December 10, 2012, at which time Milhouse denied the
charge.(Id.) The DHO found Milhouse guilty of the
prohibited act and imposed sanctions, including the loss
of 27 days of good conduct time.(Id.) With respect to
this incident report and the disciplinary proceedings
Milhouse in the petition for writ of habeas corpus
claims that he was denied due process because he did not
received 24-hour advance notice of the charge, he was
denied a staff representative, he was denied the
opportunity to present witnesses and surveillance camera
footage, and the charge was vague. (Id. at 8.) Milhouse

contends that he appealed to the Mid-Atlantic Regional Office and the Central Office on unspecified dates and he did not receive a response from either office. Id. The administrative proceedings with respect to Incident Report 2378357 (appeal case number 721179) were concluded at least 3 years ago. Consequently, Milhouse's present § 2241 petition as it relates to Incident Report 2378357 (appeal case number 721179) will be dismissed because he failed to (1) allege that he filed his appeal to the Regional Office or the Central Office within the time mandated by 28 C.F.R. §§ 542.14 and 542.18 and (2) file the present petition within 1-year of the date that his administrative remedies would have been exhausted if in fact he pursued those remedies in accordance with the regulations.

The fifth Incident Report, number 2546675 (appeal case number 789406), was filed on February 8, 2014, and charged Milhouse with Engaging in Sexual Acts. (Id. at 12.) The document attached to the petition by Milhouse reveals that he was "found to have been

stroking his penis knowing a staff member was present at his cell door." (Id.)

The sixth Incident Report, number 2542559 (appeal case number 789407) was filed on January 28, 2014, and charged Milhouse with Engaging in Sexual Acts. (Id. at 11.) The document attached to the petition by Milhouse reveals that he was "found to have been stroking his penis knowing a staff member was present at his cell door." (Id.)

The seventh Incident Report, number 2557240 (appeal case number 775739) was filed on January 28, 2014, and charged Milhouse with Engaging in Sexual Acts. (Id. at 11.) The document attached to the petition by Milhouse reveals that he was "found to have been stroking his penis knowing a staff member was present at his cell door." (Id.)

A hearing was held before a DHO on March 13, 2014, with respect to the fifth, sixth and seventh incident reports at which time Milhouse denied the charges set forth in the fifth and sixth incident

18

reports but admitted the charge set forth in the seventh
incident report.(Id. at 11-12.) The DHO found Milhouse
guilty of the prohibited acts charged in those incident
reports and imposed sanctions with respect to each
incident report, including the loss of 27 days of good
conduct time.(Id.)  In the § 2241 petition Milhouse with
respect to the fifth, sixth and seventh incident reports
and the disciplinary hearing held on March 13, 2014,
claims he was denied due process because he was on a
suicide watch from February 28 to March 15, 2014; he was
denied a staff representative; he was denied the
opportunity to present witnesses; he was denied camera
surveillance footage; and he was not provided with 24
hours advance notice of the charges.  (Id. at 8.)

      Milhouse claims that he appealed the decisions
of the DHO to the Mid-Atlantic Regional Office on April
15, 2014, and that the Regional Office denied his
appeals in June and August, 2014. (Id. at 2.)  Milhouse
then contends he appealed to the Central Office but does

not specify the date on which he submitted his appeal.
(Id. at 4.)

Based on the August, 2014, date that Milhouse
claims he appealed to the Central Office, it is clear
that the administrative proceedings with respect to
Incident Reports 2546675 (appeal case number 789406),
2542559 (appeal case number 789407) and 2557240 (appeal
case number 775739) were concluded more than 1 year
prior to Milhouse filing the instant habeas petition on
July 1, 2016.  Consequently, Milhouse's present § 2241
petition as it relates to all of the remaining incidents
reports will be dismissed because he failed to (1)
allege that he filed his appeal to the Central within
the time mandated by 28 C.F.R. § 542.18 and (2) file the
present petition within 1-year of the date that his
administrative remedies would have been exhausted if in
fact he pursued those remedies in accordance with the
regulations.

Finally, because Milhouse is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.


 s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge