IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM HASSAN MILHOUSE,     :
                            :
          Petitioner        :     CIVIL NO. 1:16-CV-01348
                            :
     vs.                    :
                            :
WARDEN DAVID EBBERT,        :     (Judge Rambo)
                            :
          Respondent        :

## MEMORANDUM

## Background

On July 1, 2016, Kareem Hassan Milhouse, a prisoner confined at the United States Penitentiary, Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Milhouse's petition was scant in detail.  The court could discern, however, from the petition and attachments thereto that he was challenging the outcome of seven prison disciplinary proceedings where he was found guilty of engaging in lewd and disruptive behavior by a Discipline Hearing Officer ("DHO") and received sanctions, including the loss of good conduct time.[1]  The

_____

1.  The first incident report charged Milhouse with Prohibited Act 205, Engaging in Sexual Acts. Exhbits attached by Milhouse to the petition revealed that he was charged with masturbating in front of a

(continued...)

court reviewed the petition pursuant to Rule 4 of the
Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as
made applicable to § 2241 cases by Rule 1 thereof[2] and
dismissed it as untimely filed.  The reasons for the
dismissal were set forth in a 21-page memorandum issued
on August 12, 2016, and the court incorporates by
reference herein the reasoning set forth in that
memorandum.  In summary the court determined that

_____

1.  (...continued)
psychologist and that he refused to attend the
disciplinary hearing.  With respect to the second and
third incident reports Milhouse was also charged with
engaging in sexual acts. The fourth incident report
charged Milhouse with Prohibited Act 299, Conduct which
disrupts or interferes with the security or orderly
running of the institution or the Bureau of Prisons. A
document attached to the petition by Milhouse revealed
that he was "observed at pill line w[ith] [his] hands
down his pants moving them."  The fifth, sixth and
seventh incident reports charged Milhouse with engaging
sexual acts. The documents attached to the petition by
Milhouse revealed that he was "found to have been
stroking his penis knowing a staff member was present
at his cell door."

2.  Rule 4 states in pertinent part that "[t]he clerk
must promptly forward the petition to a judge under the
court's assignment procedure, and the judge must
promptly examine it. If it plainly appears from the
petition and any attached exhibits that the petitioner
is not entitled to relief in the district court, the
judge must dismiss the petition . . . ."

Milhouse's petition involving seven misconduct reports
was subject to dismissal pursuant to the 1-year statute
of limitations because the administrative proceedings
were concluded more than 1 year prior to Milhouse filing
the habeas petition on July 1, 2016.  With respect to
the most recent incident reports, i.e., the fifth, sixth
and seventh incident reports, the court specifically
stated that Milhouse's petition as it related to them
"failed to (1) allege that he filed his appeal to the
Central Office within the time mandated by 28 C.F.R. §
542.18 and (2) file the present petition within 1-year
of the date that his administrative remedies would have
been exhausted if in fact he pursued those remedies in
accordance with the regulations." (Doc. 4, at 20.)

On August 26, 2016, Milhouse filed a Rule
60(b)(6) motion for reconsideraton (Doc. 7) and a brief
in support thereof. (Doc. 8.)  Milhouse motion focuses
on the fifth, sixth and seventh incident reports.  The
documents attached to Milhouse's petition revealed that
with respect to the seventh incident report Milhouse
admitted at the DHO hearing that he was guilty.

Consequently, with respect to the motion for reconsideration, the court will only address the arguments raised by Milhouse as they relate to the fifth and sixth incident reports.  For the reasons set forth below Milhouse's motion for reconsideration will be denied.

**Discussion**

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. See Pierce Ass'n., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988).

Here, Milhouse filed his motion under Rule 60(b)(6), the "catch-all" provision of Rule 60(b). Rule 60(b)(6) permits a party to seek reconsideration for

"any other reason [other than the specific circumstances set out in Rules 60(b)(1)-(5)] that justifies relief" from the operation of the judgment. <u>See</u> Fed. R. Civ. P. 60(b)(6); <u>Gonzalez</u>, 545 U.S. at 529. The Third Circuit has consistently held that Rule 60(b)(6) provides "extraordinary relief" that is only available in "exceptional circumstances." <u>Coltec Indus., Inc. v. Hobgood</u>, 280 F.3d 262, 273 (3d Cir. 2002).

It well-established that a motion for reconsideration under Rule 60(b)(6) is a device of limited utility.  It "must be fully substantiated by adequate proof and its exceptional character must be clearly established." <u>FDIC v. Alker</u>, 234 F.2d 113, 116-17 (3d Cir.1956). To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal."

<u>Martinez–McBean v. Gov't of Virgin Islands</u>, 562 F.2d 908, 911 (3d Cir.1977) (citations omitted).

Applying the standards used when a party seeks to reopen his case under Rule 60(b)(6), the court concludes that Milhouse has failed to demonstrate the existence of extraordinary circumstances warranting relief.

Milhouse contends he received responses from the Central Office with respect to the fifth and sixth incident reports and those responses which he attached to his motion for reconsideration are dated December 9, 2015.  Consequently, he argues that the habeas petition filed on July 1, 2016, was filed within the 1-year statute of limitations.  However, Milhouse previously claimed that the decisions with respect to the fifth and sixth incident reports were rendered by the DHO on or about March 13, 2014; he appealed the decisions of the DHO to the Mid-Atlantic Regional Office on April 15, 2014; the Regional Office denied his appeals in June and August, 2014; and he appealed to the Central Office on an unspecified date.  Under the BOP regulations Milhouse had 30 calendar days to file an appeal from the decision

of the Regional Office to the Central Office. 28 C.F.R.
§ 542.15(a).  Milhouse represented that the Regional
Office decided his appeals in June and August, 2014.
Taking an outer date of August 31, 2014, Milhouse had
until September 30, 2014, to file an appeal to the
Central Office and the Central Office had at most 60
days to decide the appeal.  28 C.F.R. § 542.18.  If the
Central Office did not act within the 60 days the
failure to act is considered a denial.  60 days from
September 30, 2014, was November 29, 2014.
Consequently, Milhouse had 1 year from that date to file
a habeas petition with this court, i.e., November 29,
2015. Instead of filing his petition on that date, as
stated previously he untimely filed the petition on July
1, 2016, and his motion for reconsideration has no
merit.

        An appropriate order will be entered.

                        s/Sylvia Rambo
                        SYLVIA H. RAMBO
                        United States District Judge

Date: December 5, 2016